# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| ISAAC DURAN, | Case No. 1:21-cv-01290 JLT HBK (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DIRECTING THIS ACTION PROCEED ON COGNIZABLE CLAIMS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND |
| v. | |
| J. BURNS, et al., | |
| Defendants. | (Doc. 25) |

Isaac Duran sought to proceed *pro se* in this civil rights action for violations of his civil rights while incarcerated at California State Prison- Corcoran. (Doc. 1.) Though Plaintiff filed an amended complaint (Doc. 21), he then requested to proceed on his original complaint on September 19, 2023 (Doc. 22). The assigned magistrate judge again screened Plaintiff's initial complaint and found he stated cognizable claims under the Eighth Amendment for excessive force and failure to intervene. (Doc. 24.) The Court served its Second Screening Order on October 23, 2023. However, the U.S. Postal Service returned the order as "Undeliverable, Deceased" on November 29, 2023.

After receiving the returned mail, the magistrate judge issued Findings and Recommendations, reiterating the prior findings related to Plaintiff's claims, and recommending the action proceed on the following claims: (1) excessive force against Defendants J. Burns, W. Cervantes, G. Lor, E. Curiel, O. Valladolid, and S. Bartolo; and (2) failure to intervene claims

against Defendants W. Cervantes, G. Lor, E. Curiel, O. Valladolid, and S. Bartolo. (Doc. 25 at 3-12.) The magistrate judge also recommended all other claims be dismissed for failure to state a claim. (*Id.*) Although the Court served the Findings and Recommendations as a matter of course, the document was also returned, marked "Undeliverable, Deceased."

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Importantly, it appears the claims for Eighth Amendment violations can survive Plaintiff's death. *See Carlson v. Green,* 446 U.S. 14, 24 (1980); *see also Johnson v. Warrington*, 2014 U.S. Dist. LEXIS 111866, at *1 (N.D. Cal. Aug. 12, 2014) ("Plaintiff's section 1983 damages claims survive his death"). It is proper for the action to proceed, as a personal representative or successor in interest may prosecute the claims pursuant to Rule 25 of the Federal Rules of Civil Procedure. Thus, the Court **ORDERS**:

1. The Findings and Recommendation filed on February 28, 2024 (Doc. 25) are **ADOPTED** in full.
2. The action **SHALL** proceed with Plaintiff's claims in the initial complaint for: (1) excessive use of force in violation of the Eighth Amendment against Defendants J. Burns, W. Cervantes, G. Lor, E. Curiel, O. Valladolid, and S. Bartolo, and (2) failure to intervene in violation of the Eighth Amendment against Defendants W. Cervantes, G. Lor, E. Curiel, O. Valladolid, and S. Bartolo.
3. All other claims in the complaint are **DISMISSED** for failure to state a claim.
4. The case is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

_____
UNITED STATES DISTRICT JUDGE