UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DURAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01290-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)[1]<br><br>(Doc. No. 55)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

　　　　Pro se Plaintiff, a former prisoner, was proceeding on his complaint alleging an Eighth Amendment claim for excessive use of force stemming from events that occurred on or about October 15, 2019. (Doc. Nos. 24, 25, 26, 27). On June 21, 2024, Defendants filed an Amended Suggestion of Death Upon the Record Under Rule 25(a)(1), noting Plaintiff Duran is deceased. (Doc. No. 33, "Suggestion"). On June 26, 2024, the Court granted Defendants an extension of time until October 3, 2024 to file a response to the operative complaint to permit for substitution. (Doc. No. 35). As of the date of these Findings and Recommendations, no party has filed a motion for substitution.

　　　　Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1    thereby extinguished, the court may order substitution of the proper parties.  A motion for
2    substitution may be made by any party or by the decedent's successor or representative.  If the
3    motion is not made within 90 days after service of a statement noting the death, the action by or
4    against the decedent must be dismissed." *Id.* (emphasis added).  A claim alleging Eighth
5    Amendment violations can survive Plaintiff's death.  *See Carlson v. Green*, 446 U.S. 14, 24
6    (1980); *see also Johnson v. Warrington*, 2014 U.S. Dist. LEXIS 111866, at *1 (N.D. Cal. Aug.
7    12, 2014) ("Plaintiff's section 1983 damages claims survive his death").

8    Ordinarily a suggestion of death must be served on decedent's successors or
9    representatives.  *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  When a deceased
10   plaintiff is not timely substituted, dismissal is "required."  *Smith v. McCotter*, 931 F.2d 61 (9th
11   Cir. 1991) (unpublished).   But the court has discretion whether to issue the dismissal with, or
12   without, prejudice.  *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1095 (9th Cir. 2017)
13   (other citations omitted).

14   Here, Defendants certify under oath that they served the Amended Suggestion of Death on
15   Plaintiff's next of kin on record with CDCR on June 21, 2024.  (Doc. No. 33 at 2-3).  More than
16   90 days have now passed and no motion for substitution by the decedent's successors or
17   representatives has been made.  Dismissal is therefore required under Rule 25(a)(1).   Further,
18   because Plaintiff's claim accrued on or about October 15, 2019 any future action would be barred
19   by the applicable statute of limitations,[2] the undersigned recommends the dismissal be with
20   prejudice.

---

[2] Section 1983 does not contain a specific statute of limitation and federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  California's statute of limitations for personal injury actions is two years. *Jones*, 393 F.3d at 927 (citing CAL. CODE CIV. PROC. § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CODE CIV. PROC. § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is four years (two-year limitations period plus two-year tolling period).

Accordingly, it is **ORDERED**:

Defendants' response to Plaintiff's operative complaint is stayed pending review by the district court of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1).

2. The Clerk of the Court be directed to terminate all deadlines and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   September 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE